UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PEDRO C.,

               Plaintiff,

      v.                                **DECISION AND ORDER**
                                                   6:20-CV-6554S

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

1. Plaintiff Pedro C.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his application for supplemental security income under Title XVI of the Act. (Docket No. 1.) The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

2. Plaintiff filed his application with the Social Security Administration on November 9, 2016. (R.[2] at 60.) Plaintiff alleged disability due to 4 herniated discs in his neck and back and a gunshot wound in the back. (R. at 61.) Plaintiff's application was denied, and Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). On April 18, 2019, ALJ David F. Neumann held a hearing, at which Plaintiff, represented by his attorney, appeared and testified. (R. at 37-59.) Vocational Expert Salvatore Garozzo also appeared and testified by telephone. At the time of the hearing,

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by his first name and last initial.

[2] Citations to the underlying administrative record are designated as "R."

Plaintiff was 41 years old, with a high-school education and prior work experience in construction. (R. at 41, 68.)

3. The ALJ considered the case *de novo* and, on June 5, 2019, issued a written decision denying Plaintiff's application for benefits. (R. at 24-31.) On June 19, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 1.) Plaintiff then filed the current action on July 29, 2020, challenging the Commissioner's final decision.[3]

4. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 14, 15.) Plaintiff filed his reply on April 29, 2021 (Docket No. 16), and this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is granted, and Defendant's motion is denied.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the

---

[3] The ALJ's June 5, 2019, decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6.  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7.  The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

8.  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or

3

>mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

9. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his application date of November 9, 2016. (R. at 26.) At step two, the ALJ found that Plaintiff has the severe impairments of lumbar spondylosis, obesity, and

4

chondromalacia of the right patella. (Id.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (R. at 27.)

      11.    Next, the ALJ found that Plaintiff retains the residual functional capacity ("RFC") to perform light work, except that he can

> lift up to twenty pounds occasionally, would require a sit/stand option while remaining at the workstation with "Option" meaning that [he] could sit/stand once every sixty minutes for five minutes at a time. [He] is also able to stand and/or walk (with normal breaks) for a total of six hours in an eight-hour workday, can perform pushing and pulling motions with his upper and lower extremities within the aforementioned weight restrictions, can occasionally climb ramps and stairs, balance, stop, kneel, crouch, and crawl. He may require the use of a cane for ambulating, but the contralateral upper extremity can be used to lift and carry up to the exertional limits specified. In addition, any job instruction[s] are needed by demonstration or in Spanish.

(R. at 28.)

      12.    At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (R. at 30.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Id.) Accordingly, the ALJ found that Plaintiff is not disabled. (R. at 31.)

      13.    Plaintiff argues that the ALJ failed to apply the correct legal standards to the medical opinions in his record and that the highly specific sit/stand option the ALJ assigned is unsupported by substantial evidence. Defendant argues that the ALJ's decision is supported by substantial evidence.

14. This Court finds, at the outset, that the application of the incorrect standard warrants remand. The ALJ addresses the persuasiveness of two medical opinions in the record, which is required under 20 C.F.R. § 416.920c(b).[4] However, 20 C.F.R. § 416.920c(b) only applies to claims filed on or after March 27, 2017. Plaintiff filed his application for benefits on November 9, 2016. Therefore, the ALJ was required to evaluate the opinions in accord with 20 C.F.R. § 416.927 and apply the so-called "treating physician rule" to the medical opinions of record. See Melinda M. v. Saul, No. 2:19-CV-00266-FVS, 2020 WL 4194987, at *4 (E.D. Wash. July 20, 2020). Defendant suggests that this Court should conduct a substantial evidence analysis of the record and find that the ALJ's RFC is valid regardless of the standard used. Having reviewed the record, however, this Court also finds that ALJ did not adequately explain Plaintiff's highly specific sit/stand option with reference to the record, making his findings unsupported by substantial evidence, as well.

15. An ALJ making a highly specific finding must support that finding with evidence from the record, not from the ALJ's own "surmise." Cosnyka v. Colvin, 576 F. App'x 43, 46 (2d Cir. 2014) ("The determination that this "off-task" time translated to six minutes out of every hour, however, was not based on the record but was the result of the ALJ's own surmise."). When an ALJ does "not connect the record evidence and RFC findings" or otherwise "explain how the record evidence supported his RFC findings," the decision leaves the court "with many unanswered questions and does not afford an adequate basis for meaningful judicial review." Heckman v. Comm'r of Soc. Sec., No. 18-

---

[4] This Court notes that the ALJ did not address the question of consistency with the record, another factor required by the new regulations.

6

CV-6032, 2019 WL 1492868, at *3 (W.D.N.Y. Apr. 4, 2019) (quoting Gorny v. Comm'r of Soc. Sec., 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018)).

16. Here, the ALJ considered the opinions of two physicians who opined that Plaintiff had significant sitting and standing limitations. Consultative examiner Dr. Trevor Lichtmore examined Plaintiff on January 27, 2017. (R. at 273-76.) Dr. Lichtmore opined that Plaintiff had moderate to marked limitations in his ability to carry heavy objects, stand for long periods of time, and climb. (R. at 275.) The ALJ found Dr. Lichtmore's report to be persuasive. (R. at 29.) Despite this, the ALJ did not adopt Dr. Lichtmore's opinion that Plaintiff had moderate to marked limitations in standing for a long period. The ALJ considered that other elements of Dr. Lichtmore's examination, including Plaintiff's ability to get on and off the examination table and his manual dexterity, contradicted Dr. Lichtmore's assessment. Neither of these facts, however, supports the ALJ's finding that Plaintiff could stand for 6 hours during a workday, or required a sit/stand option once per hour.

17. The ALJ also considered the medical opinion of Dr. David Breen, Plaintiff's treating physician. On May 25, 2019, Dr. Breen completed a Medical Source Statement for Plaintiff. Dr. Breen opined that Plaintiff could sit for 5 minutes at a time, stand for 20 minutes at a time, and could sit or stand/walk for less than 2 hours in an 8-hour workday. (R. at 844-45.) He opined that Plaintiff would need unscheduled breaks with 30 minutes rest every 10-15 minutes and that Plaintiff could not lift more than 10 pounds. (R. at 845.) Dr. Breen also opined that Plaintiff would have trouble with fingering and handling and moving his neck. The ALJ found Dr. Breen's opinion of "little persuasiveness." (R. at 29.) The ALJ noted that Dr. Breen's opinion that Plaintiff could sit for only 5 minutes at a time

was contradicted by Plaintiff's testimony that he could sit for 20 minutes at a time and by the fact that Plaintiff had ridden in a car for 1 hour to his hearing. As an initial matter, this Court does not find that Plaintiff's ability to sit for an hour on one occasion, in order to attend a highly consequential disability hearing, constitutes substantial evidence of his ability to regularly sit for longer periods throughout a workweek.

18.   As for the other evidence cited by the ALJ as contradicting Dr. Breen's opinion, it is itself more restrictive than the RFC the ALJ ultimately assigned. For example, Plaintiff testified that he could sit for 20 minutes but also stated that he needed to lie down afterwards. (R. at 44.)  Although the ALJ relied on this testimony to discount Dr. Breen's opinion, Plaintiff's ability to sit for 20 minutes does not support the sit/stand option the ALJ assigned. Nor does Plaintiff's testimony that he could only stand for 10 minutes at a time support ALJ's finding that Plaintiff could stand for 6 hours per day. (See R. at 44, 27.)

19.   Ultimately, it is not clear on what basis the ALJ formulated his sit/stand option or his finding that Plaintiff could stand for 6 hours per day, particularly given the opinion evidence to the contrary. While the ALJ is tasked with formulating an RFC based on the record as a whole, Johnson v. Colvin, 669 F. App'x 44, 46–47 (2d Cir. 2016), he must explain how the record supports his findings. Here, the ALJ did not explain the basis in the record for either of these findings. Because this Court cannot follow the ALJ's reasoning in formulating Plaintiff's RFC, it is unsupported by substantial evidence. Remand is warranted on this basis as well.

20.   After carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further administrative proceedings consistent

with this decision. Plaintiff's motion for judgment on the pleadings is therefore granted. Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:   March 8, 2022
         Buffalo, New York

                                             s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                          United States District Judge